UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

W. SCHMIDT,

    Plaintiff,

v.                                           Case No. 8:20-cv-150-T-33AAS

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff W. Schmidt's Motion to Strike Affirmative Defenses (Doc. # 31), filed on March 26, 2020. Defendant Wells Fargo Bank, N.A. responded on April 3, 2020. (Doc. # 38). For the reasons that follow, the Motion is denied.

**I.**   **Background**

Schmidt initiated this action against Wells Fargo in Florida state court on October 19, 2019, asserting six counts: equitable accounting of the escrow account (Count One); equitable accounting of payment account (Count Two); violations of RESPA (Counts Three and Four); and negligence (Counts Five and Six). (Doc. # 1). Wells Fargo removed the case to this Court on the basis of federal question jurisdiction on January 21, 2020. (Doc. # 2).

1

After the Court denied Wells Fargo's motion to dismiss the complaint (Doc. # 17), Wells Fargo filed its answer and affirmative defenses on February 26, 2020. (Doc. # 18). There, Wells Fargo asserts twenty affirmative defenses. (Id.).

Schmidt seeks to have all affirmative defenses stricken. (Doc. # 31). Wells Fargo has responded (Doc. # 38), and the Motion is now ripe for review.

II. **Legal Standard**

"Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8." Carrero v. Citimortgage, Inc., No. 8:15-cv-2915-T-33EAJ, 2016 WL 1464108, at *2 (M.D. Fla. Apr. 14, 2016). Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). "[T]his Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the Twombly pleading standard." Nobles v. Convergent Healthcare Recoveries, Inc., No. 8:15-cv-1745-T-30MAP, 2015 WL 5098877, at *2 (M.D. Fla. Aug. 31, 2015).

Affirmative defenses challenged by a motion to strike are also evaluated under Rule 12(f), which provides that a "court may strike from a pleading an insufficient defense or

2

any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature" and are often considered "time wasters." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997); Molina v. SMI Sec. Mgmt., Inc., No. 11-24245-CIV, 2013 WL 12092070, at *4 (S.D. Fla. Mar. 22, 2013)("Motions to strike . . . are disfavored by courts.").

Thus, "[a]n affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computs. & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(citation omitted). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

## III. Analysis

Schmidt devotes the majority of his Motion to arguing that the Court should apply the heightened Twombly pleading standard to affirmative defenses. (Doc. # 31 at 1-11). But this Court has already held that, although the Eleventh Circuit has not spoken on the issue, "the pleading standard outlined in Twombly does not apply to affirmative defenses." (Doc. # 28); see Hamblen v. Davol, Inc., No. 8:17-cv-1613-T-33TGW, 2018 WL 1493251, at *3 (M.D. Fla. Mar. 27, 2018)("Therefore, 'this Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the Twombly pleading standard.' The Court does not hold defenses to the strictures of Twombly and Plaintiffs' arguments based upon Twombly and its progeny are roundly rejected. In taking this stance, the Court finds itself in the majority position of federal courts on the issue." (citation omitted)). Schmidt offers no good reason to depart from this holding.

Schmidt's related argument — that certain of Wells Fargo's affirmative defenses are pled in too "barebones" a fashion – fares no better. (Doc. # 31 at 14). "To the extent that any of the affirmative defenses are merely statements of law or legal conclusions as argued by [Schmidt], they still

4

'serve the laudable purpose of placing [him] and the Court on notice of certain issues [Wells Fargo] intends to assert against [Schmidt's] claims.'" Dunning v. Tang Thuyen, No. 8:11-cv-2340-T-33TGW, 2012 WL 882549, at *2 (M.D. Fla. Mar. 15, 2012) (citation omitted).

Schmidt also argues that, even if Twombly does not apply, affirmative defenses 8, 9, 10, 11, 15, 18, and 19 should be stricken. (Doc. # 31 at 1). For the reasons that follow, the Court disagrees.

**Number 8**

The eighth affirmative defense states that "Schmidt has failed to state a cause of action under RESPA for noncompliance. Fowler v. Bank of Am. Corp., 747 Fed. Appx. 666, 669 (10th Cir. 2018)." (Doc. # 18 at 9). Schmidt argues this defense "is insufficient as a matter of law and should be stricken" because the "Fowler opinion is an unpublished decision of the Tenth Circuit Court of Appeals." (Doc. # 31 at 17).

This defense is not insufficient as a matter of law. "Failure to state a claim upon which relief may be granted is a proper affirmative defense." Colon v. Wal-Mart Stores, Inc., No. 2:13-cv-464-FtM-29DNF, 2014 WL 1588463, at *3 (M.D.

5

Fla. Apr. 14, 2014). Therefore, the Court declines to strike the eighth affirmative defense.

**Numbers 9 and 19**

The ninth affirmative defense states that "Schmidt's claims are barred by laches, as Schmidt knew of the alleged issues since 2017 and delayed in bringing this action." (Doc. # 18 at 9). The nineteenth affirmative defense states "Schmidt's RESPA claims are barred by the applicable statute of limitations." (Id. at 10).

Schmidt argues that the laches defense should be stricken because it "is clearly a meritless, boilerplate defense with no relationship to the current case," which was filed in state court in October 2019. (Doc. # 31 at 16-17). As for the statute-of-limitations defense, Schmidt contends that it fails because "[his] two QWRs[] were dated and received by [Wells Fargo] in 2017 and 2018, respectively, and the complaint herein was filed in 2019," well before "the applicable three year statute of limitations" expired. (Id. at 14-15).

Contrary to Schmidt's assertions, the purpose of a motion to strike affirmative defenses is not to have the Court adjudicate the merits of defenses that are legally available to a defendant. Instead, the purpose of such a motion is to

6

strike legally insufficient defenses. For example, the Court may strike a waiver affirmative defense in a Fair Labor Standards Act case because that defense is never available in such a case. See Moore v. Live Cheap, LLC, No. 1:15-CV-22264-UU, 2015 WL 12805689, at *2 (S.D. Fla. Aug. 26, 2015)(striking waiver affirmative defense because "[i]t is well established that a waiver defense is not appropriate under the FLSA because an individual cannot waive entitlement to FLSA benefits"). Thus, the Court will not analyze at this time whether Wells Fargo's defenses should fail on the merits.

Applying the proper framework for analyzing a motion to strike, the Court concludes that Wells Fargo's laches and statute-of-limitations defenses are not insufficient as a matter of law. "[A] statute of limitations defense is specifically enumerated in [Rule] 8(c)." Muschong v. Millennium Physician Grp., LLC, No. 2:13-cv-705-FtM-38CM, 2014 WL 3341142, at *2 (M.D. Fla. July 8, 2014). Rule 8(c) also enumerates laches as an affirmative defense. Fed. R. Civ. P. 8(c)(1). Therefore, the Court will not strike these defenses. See U.S. Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD, No. 8:19-cv-448-T-33CPT, 2019 WL 3323477, at *2 (M.D. Fla. July 24, 2019)("Given that Defendants' first affirmative defense [of statute of limitations] relates directly to the

7

SEC's claims and that the SEC has failed to show it would experience undue prejudice if the Court did not strike the defense, the Court declines to strike Defendants' first affirmative defense.").

**Numbers 10 and 11**

The tenth affirmative defense states that "Schmidt is estopped from asserting this matter." (Doc. # 18 at 9). The eleventh affirmative defense states that "Schmidt has waived his right to assert this matter." (Id.).

According to Schmidt, these defenses should be stricken because "Wells Fargo has not made any attempt to plead any factual detail, however bare, which might provide any clue or even a hint to the plaintiff or the Court as what either of these defenses is alleged to relate to, if anything at all," and "has not plead [sic] the specific elements of waiver or provided any factual support to give plaintiff any fair notice of its defense." (Doc. # 31 at 17-18).

This argument fails. Wells Fargo was not required to advance additional factual or legal allegations to preserve these affirmative defenses in its answer. Again, "[t]o the extent that any of the affirmative defenses are merely statements of law or legal conclusions as argued by [Schmidt], they still 'serve the laudable purpose of placing [him] and

the Court on notice of certain issues [Wells Fargo] intends to assert against [Schmidt's] claims.'" Dunning, 2012 WL 882549, at *2 (citation omitted).

**Numbers 15 and 18**

The fifteenth affirmative defense states that "Schmidt is a sophisticated consumer (attorney), and . . . is not in the class of persons contemplated to bring an action under RESPA." (Doc. # 18 at 10). The eighteenth affirmative defense states that "any alleged claims should be reduced, in whole or in part, as [Wells Fargo] is the least culpable party. Schmidt is a sophisticated consumer who understood the facts alleged." (Id.).

Schmidt contends these defenses should be stricken because "[t]he statutes under which Plaintiff proceeds give no hint that the sophistication of the consumer matters at all" and "legal constructions of the banking and consumer protection statutes are evaluated and construed with the least sophisticated borrower in mind." (Doc. # 31 at 18).

But Schmidt presents no legal authority to support that these defenses are unavailable to Wells Fargo. Without any such support, Schmidt has not shown that these defenses are insufficient as a matter of law. Therefore, the Court declines to strike them.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff W. Schmidt's Motion to Strike Affirmative Defenses (Doc. # 31) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of April, 2020.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE