```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

W. SCHMIDT,

    Plaintiff,

v.                                  Case No. 8:20-cv-150-T-33AAS

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Wells Fargo Bank, N.A.'s Motion to Strike Jury Trial Demand (Doc. # 34), filed on March 30, 2020. Plaintiff W. Schmidt responded on April 13, 2020. (Doc. # 43). For the reasons that follow, the Motion is granted.

**I.  Background**

Schmidt initiated this action against Wells Fargo in Florida state court on October 19, 2019, asserting six counts related to the servicing of Schmidt's mortgage issued by Wells Fargo: equitable accounting of the escrow account (Count One); equitable accounting of payment account (Count Two); violations of RESPA (Counts Three and Four); and negligence (Counts Five and Six). (Doc. # 1). The complaint includes a demand for a jury trial on all issues so triable. (Id. at

26). Wells Fargo removed the case to this Court on the basis of federal question jurisdiction on January 21, 2020. (Doc. # 2).

Now, Wells Fargo seeks to strike the complaint's jury trial demand. (Doc. # 34). Schmidt has responded (Doc. # 43), and the Motion is ripe for review.

## II. Discussion

"The Seventh Amendment right to trial by jury is a well-established and essential component to our federal judicial system." FGDI, Inc. v. Bombardier Capital Rail, Inc., 383 F. Supp. 2d 1350, 1352 (M.D. Fla. 2005). "However, it is also well-established that a party can waive the right to a jury trial by contract if the waiver is knowing, voluntary, and intelligent." Altimas v. Whitney, No. 2:09-cv-682-FtM-36SPC, 2012 WL 12951526, at *1 (M.D. Fla. Nov. 16, 2012)(citing Allyn v. Western United Life Assurance Co., 347 F. Supp. 2d 1246 (M.D. Fla. 2004)).

"In making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." Bakrac, Inc. v. Villager Franchise Sys., Inc., 164 F. App'x 820, 823–24 (11th Cir. 2006). "No single

2

factor is conclusive, and '[i]n making a determination, the Court is not bound by the number of factors that have been satisfied.'" Madura v. BAC Home Loans Servicing L.P., 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012)(citation omitted). "The question of whether the right has been waived is governed by federal law." Altimas, 2012 WL 12951526, at *1.

 Here, Wells Fargo argues Schmidt has waived his right to a jury trial because of the jury trial waiver included in his mortgage. (Doc. # 34 at 1, 4-7). Indeed, the mortgage includes the following provision: "**Jury Trial Waiver**. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. # 34-1 at 16)(emphasis original).

 The Court agrees with Wells Fargo that all of Schmidt's claims are in some way "related to [the] Security Instrument or the Note," which was the sole basis of Schmidt's relationship with Wells Fargo. See Deleplancque v. Nationstar Mortg., LLC, No. 6:15-cv-1401-Orl-40KRS, 2016 WL 406788, at *2 (M.D. Fla. Jan. 14, 2016)("On the information available in the record, the mortgage, including the modification thereto, is the sole source of the parties' relationship. Each of

3

Deleplancque's claims, therefore, is in some way 'related to th[e] Security Instrument or the Note.' Accordingly, the waiver provision encompasses the claims at issue in this case."), adopted by, No. 6:15-cv-1401-Orl-40KRS, 2016 WL 397962 (M.D. Fla. Feb. 2, 2016); see also O'Steen v. Wells Fargo Bank, N.A., No. 6:17-cv-849-Orl-31KRS, 2017 WL 4574612, at *2 (M.D. Fla. Oct. 13, 2017)(granting motion to strike jury trial demand based on the same jury trial waiver at issue in this case and noting that "courts in the Middle District of Florida have held identically-worded jury trial waivers contained in mortgage agreements applicable to RESPA claims").

Despite his claims falling within the scope of the waiver provision, Schmidt argues that the Motion should be denied as untimely under Rule 12(f) because it was filed over a month after Wells Fargo filed its answer. (Doc. # 43 at 4); see also Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either **before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.**" (emphasis added)). Notably, however, none of the cases

Schmidt cites in which a motion to strike was denied as untimely involved a motion to strike a jury trial demand. (Doc. # 43 at 4-5).

On the contrary, the majority of authority on the issue holds that motions to strike jury trial waivers can be filed at any time, as permitted by Rule 39. See Fed. R. Civ. P. 39(a)(2) ("The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."); Green v. Wyndham Vacation Resorts, Inc., No. 6:08-cv-01997-Orl-22DAB, 2010 WL 11507353, at *3 (M.D. Fla. July 12, 2010)("Because the Court may consider the matter on its own initiative, Wyndham's motion to strike Green's jury demand will not be denied on timeliness grounds, even though it was filed more than a year after Green demanded a jury trial in her amended complaint." (citation omitted)); Nettles v. Daphne Utilities, No. CIV.A. 13-0605-W-C, 2014 WL 3845072, at *2 (S.D. Ala. Aug. 5, 2014)("To the extent that Nettles and Butler balk that Daphne Utilities should not be permitted to challenge their jury demand 'at this late stage of the case,' their objection is not well-taken. After all, numerous courts have concluded that a defendant may move to strike a jury demand at any time, even late in the lifespan

Case 8:20-cv-00150-VMC-AAS Document 44 Filed 04/20/20 Page 6 of 10 PageID 345


of a lawsuit."); see also Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 226-27 (3rd Cir. 2007)(concluding that "a party may file a motion to strike a jury demand at any time under Rule 39(a)," and finding that defendant's motion was not untimely even though it was filed three years after plaintiff made jury demand). The Court agrees with these courts and determines that Wells Fargo's Motion is timely.

Nor will the Court put off determination of the jury trial waiver issue until the summary judgment stage, as Schmidt alternatively requests. Schmidt cites no case in which the jury trial waiver issue was put off until the end of discovery and decided at summary judgment. Schmidt has already had the opportunity to provide evidence in opposition to the Motion — he has presented two declarations in support of his position. (Doc. # 42; Doc. # 43-1). No more discovery is required, and the Court is able to determine whether to strike the jury trial waiver at this juncture.

Upon review, the Court determines that the waiver was knowing and voluntary. First, the waiver is conspicuous, as it is in its own paragraph of the mortgage, in normal font-size, written in clear language, and with the explanatory title "Jury Trial Waiver" bolded. See Yeh Ho v. Wells Fargo Bank, N.A., No. 15-81522-CIV, 2020 WL 1163473, at *2 (S.D.

Fla. Mar. 11, 2020)(finding that the same waiver provision at issue in this case "is conspicuous, since (1) it is in its own separate paragraph, (2) it is in the same size font as the rest of the document, (3) it is located in the last paragraph of a relatively short document, thus, it cannot be considered hidden within the document, and (4) it states in clear and unambiguous language that Plaintiff is waiving her right to a jury trial"); Madura, 851 F. Supp. 2d at 1294-95 ("[T]he Court determines that the jury trial waiver is conspicuous. It is contained in its own separate paragraph. It is located on page eleven of the twelve-page mortgage and directly precedes the Maduras' signatures. The jury trial waiver is in a typeface and style consistent with the rest of the document and is not obscured by other language. It is not hidden in a footnote. In addition, the jury trial waiver is written in clear and unambiguous language, rather than in 'legalese.'").

Second, although Wells Fargo certainly had greater bargaining power, the difference in bargaining power between Schmidt and Wells Fargo does not mean that the waiver was involuntary. "[A] term in a contract waiving a party's right to a jury trial is not unenforceable even though one party to a contract is a large corporation and the other party is

7

simply an individual who is in need of the corporation's services." Collins v. Countrywide Home Loans, Inc., 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010). Schmidt could have walked away from the refinancing of his mortgage if he disagreed with the jury trial waiver.

So too regarding negotiation of the terms of the mortgage. Schmidt may not have been able to negotiate the terms of the mortgage, as the declaration of Elizabeth Jacobson suggests. (Doc. # 42 at 4). Nevertheless, despite Schmidt's claims that it would have been difficult to do so, he could have walked away instead of signing the contract. See Collins, 680 F. Supp. 2d at 1295 ("Plaintiffs have only alleged that they could not have negotiated over the provision because they first saw it at the closing. Plaintiffs do not explain why they could not have negotiated the clause at that time, or why they could not have simply walked away from the deal if they found the terms of the agreement unreasonable."); Gordon v. Chase Home Fin., LLC, No. 8:11-cv-2001-T-33EAJ, 2013 WL 256743, at *10 (M.D. Fla. Jan. 23, 2013)("[T]o the extent that Plaintiffs assert that they were unable to negotiate, the Court finds that no circumstances prevented Plaintiffs from walking away from the loan they were offered if they did not want to waive their right to a jury trial.").

Schmidt's spending a few hundred dollars in application and appraisal fees did not prevent him from walking away from the mortgage transaction. (Doc. # 43 at 14).

Finally, Schmidt is a sophisticated party. He is an attorney admitted to the Florida Bar, and thus more sophisticated than the usual homeowner. Regardless, "[t]he jury waiver paragraph is written clearly and in a way that the average person could understand its implications. No special education or expertise would have been needed to understand this provision." Collins, 680 F. Supp. 2d at 1295.

"Courts routinely and regularly enforce jury trial waivers found in loan agreements. This case is no exception." Gordon, 2013 WL 256743, at *10. Schmidt's evidence does not convince the Court that "the waiver was unconscionable, contrary to public policy, or simply unfair." Id. Considering all the factors and the totality of the circumstances, Schmidt's waiver of his right to trial by jury was knowing and voluntary and shall be enforced. See Yeh Ho, 2020 WL 1163473, at *2 (noting that the same waiver provision at issue in this case "has been upheld by numerous district courts in Florida").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

9

Defendant Wells Fargo Bank, N.A.'s Motion to Strike Jury Trial Demand (Doc. # 34) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of April, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE